IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| GE COMMERCIAL DISTRIBUTION FINANCE CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>COASTLINE MOWER SHOP, INC., BRIAN D. EDWARDS, and ANGELA EDWARDS,<br><br>Defendants. | Case No: 7:10-CV159-BO |

## AGREED FINAL JUDGMENT

This matter having come before the Court upon the Plaintiff, GE Commercial Distribution Finance Corporation's ("CDF"), a Delaware Corporation, Complaint (the "Complaint") for the claim and delivery of specific personal property against Defendant, Coastline Mower Shop. Inc, a North Carolina Corporation ("Defendant"), and upon the parties' agreement with no objections having been raised, this Court finds the Complaint well taken and approves the parties' stipulated final order.

IT IS ORDERED as follows:

1. CDF's request for claim and delivery of certain personal property, the Collateral, as that term is defined in CDF's Complaint (the "Collateral"), against Defendant is hereby granted as limited herein. CDF is granted a final and permanent Judgment of Claim and Delivery of the Collateral.

2. It is further agreed that CDF will not take physical possession of any the Collateral until after September 3, 2010.

3. Upon CDF's request, a writ of possession shall issue by the Clerk of this Court for the Collateral, subject to the limitations contained herein.

4. CDF is entitled to dispose of the Collateral in accordance with applicable law and the Inventory Security Agreement ("Agreement") executed by and between CDF and Defendant, as more particularly described in CDF's Complaint.

5. All causes of action against Brain D. Edwards and Angela Edwards set forth in the Complaint shall be dismissed without prejudice.

6. All claims and defenses of the parties relating to attorneys' fees, costs, expenses, money damages, and all other issues not relating specifically to possession of the Collateral shall be reserved for resolution by arbitration, to the extent agreed to by the parties in the Agreement, and shall not be waived by issuance of this judgment for claim and delivery possession in this matter.

7. This Court shall retain jurisdiction of this case to enforce the provisions of this Agreed Order.

8. The bond in this matter, as filed by CDF, shall be hereby released and dissolved and the original bond be returned to counsel for CDF and a copy of the same be substituted in the record of this cause.

9. The hearing set before the Court in this cause for August 31, 2010 as to the preliminary injunction is hereby rendered moot by the entry of this order and such hearing shall hereby be cancelled.

THEREFORE, good cause having been shown, the provisions of this Consent Order are hereby ORDERED.

It is so ORDERED this ____4____ day of ~~August~~ September, 2010.

_____
UNITED STATES DISTRICT COURT JUDGE

Approved for entry by:

TOLL AND POTTER, PLLC


By:/s/ Samuel B. Potter
    Samuel B. Potter, Esq.
    Alan Toll, Esq.
    1410 Commonwealth Drive, Suite 205
    Wilmington, NC 28403
    (910) 256-8161 (ext. 110)


*Attorney for GE Commercial
Distribution Finance Corporation*


COASTLINE MOWER SHOP, INC.

By: _____
    (Tim Boyle)
Its: _____Pres_____


**STATE OF NORTH CAROLINA**      )
                                  )    **SS.**
**COUNTY OF NEW HANOVER**       )

    On this 30th day of August, 2010, before me appeared Tim Boyle, to me personally known, who being by me duly sworn did say that he is the PRESIDENT of Coastline Mower Shop, Inc., a North Carolina corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and he acknowledged said instrument to be the free act and deed of said corporation.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in the City and State aforesaid, the day and year first above written.

Notary Public: _____

My Commission Expires: 2-11-2014

[Notary Seal: MARY C. ORDOG, NOTARY PUBLIC, NEW HANOVER COUNTY, N.C.]